UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kramer Enterprises, Inc., et al.,                  Case No. 3:24-cv-2228

         Plaintiffs,

   v.                                                 ORDER

Delphinium Ventures Corporation,

         Defendant.

Before me is Plaintiffs' motion for alternate service on Defendant Delphinium Ventures Corporation made pursuant to Federal Rule of Civil Procedure 4(f)(3). (Doc. No. 6).

Taking the allegations of the Complaint as true, Defendant "is a foreign corporation having its primary place of business in the British Virgin Islands." (Doc. No. 1 at 2). Accordingly, it must be served in accordance with Rule 4(h), which provides:

> **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>     **(1)** in a judicial district of the United States:
>
>        **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>        **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>
>     **(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Here, Plaintiffs allege the following with respect to their efforts at service thus far:

> On February 7, 2025, counsel for Kramer sent a request for waiver of service via email to Attorney Gregory Wagoner, who is believed to be counsel for Delphinium. *See* Exhibit A, attached. Kramer never received a response regarding that waiver. Shortly thereafter, on March 11, 2025, Kramer attempted to effectuate service upon Delphinium at its corporate headquarters in Tortola, British Virgin Islands pursuant to Fed. R. Civ. P. 4(f) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention"). *See* Exhibit B, attached. After several attempts to effectuate service by mail, the package was deemed undeliverable. *Id.*

(Doc. No. 6 at 2). Plaintiffs also assert "Kramer has also tried to locate a registered agent for Delphinium in Ohio, to no avail." (*Id.* at 5).

Because they have not yet successfully served Defendant through the methods attempted, Plaintiffs now seek approval to serve Defendant through personal service on or service via certified mail to "Nadya Shihadeh Matthes, an individual who, upon information and belief, is the owner of Delphinium. It is Kramer's understanding that Ms. Shihadeh Matthes resides at 2501 Sweetwater Rd., Findlay, OH 45840." (Doc. No. 6 at 5).

Findlay, Ohio is located in a judicial district in the United States. Therefore, service on Defendant at this location is governed by Rule 4(h)(1). Rule 4(h)(2) and, in turn, Rule 4(f)(3) do not apply. Accordingly, I deny as moot Plaintiffs' motion to authorize an alternate method of service under Rule 4(f)(3).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge