UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kramer Enterprises, Inc., et al.,                                Case No. 3:24-cv-2228

          Plaintiffs,

    v.                                                               ORDER

Delphinium Ventures Corporation,

          Defendant.

On June 30, 2025, I denied as moot Plaintiffs' first motion for alternate service made under Rule 4(f)(3) because Plaintiffs sought to serve Defendant at a location in Findlay, Ohio – which is located in a judicial district of the United States – and therefore service on Defendant at this location is governed by Rule 4(h)(1), not Rule 4(f)(3) via Rule 4(h)(2). (Doc. No. 7).

Disregarding the explanation set forth in my previous Order, Plaintiffs filed a second Rule 4(f)(3) motion for alternate service, wherein Plaintiffs seek to perfect service on Defendant at a location in Miami, Florida. (Doc. No. 8). Miami, Florida – like Findlay, Ohio – is located in a judicial district of the United States. Therefore, again, "service on Defendant at this location is governed by Rule 4(h)(1). Rule 4(h)(2) and, in turn, Rule 4(f)(3) do not apply." (Doc. No. 7 at 2). Plaintiffs' Rule 4(f)(3) motion to authorize an alternate method of service on Defendant at this location is denied as moot. (Doc. No. 8).

Nevertheless, I conclude the motion contains allegations justifying a further extension of the service deadline. Plaintiffs shall perfect service on Defendant no later than October 16, 2025 – 300 days after this case was originally filed. If they fail to do so, this case may be dismissed without prejudice.

Should Plaintiffs seek to serve Defendant "at a place not within any judicial district of the United States," Fed. R. Civ. P. 4(h)(2), they may file a further Rule 4(f)(3) motion for alternate service but should do so promptly so that they can meet the October 16, 2025 deadline set herein.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge